IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Jul 23 2018
U.S. DISTRICT COURT
Northern District of WV

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
Plaintiff, )
)
v. )
)
LAS TRANCAS OF MARTINSBURG, INC., )
)
Defendant. )
)

Civil Action No.  3:18-CV-116 (Groh)

**COMPLAINT
AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to

Charging Party Raquel Ramirez Rivera and Virginia Sanchez Garcia, who were adversely affected

by such practices. As alleged with greater particularity in Paragraphs 1 through 55 below, the U.S.

Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Las Trancas of

Martinsburg, Inc. ("Defendant")[1] subjected Ms. Ramirez Rivera and Ms. Sanchez Garcia to a

hostile work environment because of their sex (female). EEOC further alleges that Defendant

subjected Ms. Ramirez Rivera to an adverse alteration in the terms or conditions of her

employment and a constructive discharge because of her sex (female) and in retaliation for

opposing Defendant's unlawful employment practices.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

---

[1] The West Virginia Secretary of State filings list this business entity's name as "Las Tranca's of
Martinsburg, Inc." Assuming this was a misspelling, this Complaint refers to this business entity
as Las Trancas of Martinsburg, Inc.

(3) of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Venue is proper in the U.S. District Court for the Northern District of West Virginia under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the alleged unlawful employment practices were committed in the state of West Virginia and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant is a closely held corporation, incorporated in West Virginia, that operates a Mexican food restaurant and is owned and managed by husband and wife Jose Humberto Munoz ("Humberto") and Alicia Munoz, and their family.

5.      At all relevant times, Defendant has continuously had at least 15 employees and conducted business in the State of West Virginia.

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

7.      More than thirty days prior to the institution of this lawsuit, Raquel Ramirez Rivera filed a charge of discrimination with EEOC alleging that Defendant violated Title VII by subjecting her and a class of female employees to discrimination because of their sex (female) and subjecting her to retaliation for opposing the unlawful employment practices.

2

8.      On August 4, 2017, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated with respect to Ms. Ramirez Rivera and a class of female employees, and inviting Defendant to join with EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Ms. Ramirez Rivera and a class of female employees.

9.      EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     EEOC was unable to secure from Defendant a conciliation agreement acceptable to EEOC.

11.     On October 6, 2017, EEOC issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL FACTUAL ALLEGATIONS

13.     Prior to receiving from EEOC the charge of discrimination filed by Ms. Ramirez Rivera, Defendant did not have a sexual harassment policy.

14.     Prior to receiving from EEOC the charge of discrimination filed by Ms. Ramirez Rivera, Defendant did not have complaint procedures for employees to report sex discrimination and harassment.

15.     Prior to receiving from EEOC the charge of discrimination filed by Ms. Ramirez Rivera, Defendant did not post notices of Title VII rights and charge filing procedures required to be posted under Section 711 of Title VII, 42 U.S.C. § 2000e-10, and 29 C.F.R. § 1601.30.

16.     Prior to receiving from EEOC the charge of discrimination filed by Ms. Ramirez Rivera, Defendant did not provide employees with any training on sex discrimination and harassment.

3

*Ms. Ramirez Rivera's Employment*

17.     Ms. Ramirez Rivera, a female, was hired by Defendant as a part-time Hostess/Cashier in or around November 2013.  She worked for Defendant until she resigned in or around June 2015.

18.     When she was initially hired as a Hostess/Cashier, Ms. Ramirez Rivera was scheduled approximately 20-25 hours per week.

19.     Ms. Ramirez Rivera was supervised by Managers Hugo Macias and Hugo Munoz, who had authority to hire and fire employees and take other material employment actions on behalf of the restaurant.

20.     Manager Hugo Munoz is the son of Owners Humberto and Alicia Munoz.

21.     Beginning on or about November 2013 and continuing through her resignation, Defendant subjected Ms. Ramirez Rivera to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

> (a) From at least November 2013 until on or about mid-2014, Manager Hugo Macias repeatedly made sexual remarks to Ms. Ramirez Rivera, including that she was "cute," "hot," and "had a big ass." Ms. Ramirez Rivera also heard him make similar comments to other female employees.
>
> (b) In or around 2014, a coworker told Ms. Ramirez Rivera that Manager Hugo Macias had grabbed a female employee's breast and propositioned her for sex.
>
> (c) In or around 2014, Ms. Ramirez Rivera complained to Owner Humberto Munoz about Manager Hugo Macias's conduct.
>
> (d) Upon information and belief, Defendant did not conduct an investigation or discipline Manager Hugo Macias in response to Ms. Ramirez Rivera's complaint.

4

(e) Manager Hugo Macias continued harassing Ms. Ramirez Rivera and other female employees until he transferred to another Las Trancas location around mid-2014.

(f) On more than one occasion between November 2013 and on or about June 2015, Manager Hugo Munoz showed Ms. Ramirez Rivera explicit photos and videos of female coworkers who were drunk, disrobed, and/or naked.

(g) Each time, Ms. Ramirez Rivera told Manager Hugo Munoz that his conduct was offensive and asked him not to show her such sexual images again.

(h) From at least November 2013 until on or about June 2015, cook Armando Hernandez and other coworkers repeatedly made sexual comments about Ms. Ramirez Rivera's body, including that she "was hot for her age," "had big boobs," "had a big butt," and "had too many clothes on."

(i) On more than one occasion between November 2013 and on or about June 2015, Armando Hernandez told Ms. Ramirez Rivera that he was "in love with her" and that he "wanted to marry her." He threatened to "kidnap her" if she refused.

(j) Ms. Ramirez Rivera repeatedly complained to Defendant's managers and owners about Armando Hernandez's and other coworkers' harassment.

(k) At no point did Defendant take prompt and effective corrective actions reasonably calculated to prevent or correct the harassment. For instance, Defendant did not have a sexual harassment policy or complaint procedures, did not post the EEOC notices required under Title VII, did not conduct a prompt and thorough investigation of Ms. Ramirez Rivera's and other employees' complaints, did not discipline the employees engaged in the harassing conduct, did not provide anti-harassment training, and did not monitor the work environment.

(l) The harassment eventually escalated to the point where Armando Hernandez and other coworkers were repeatedly licking their lips in a sexual manner whenever Ms. Ramirez Rivera walked into the kitchen; shoving her in a walk-in freezer and attempting to rub their genitals on her; and grabbing intimate parts of her body, including her breasts, buttocks, and vagina, on a regular basis.

22.     In approximately spring 2015, Ms. Ramirez Rivera complained to Manager Hugo Munoz that Armando Hernandez grabbed her breast at work.

23.     Humberto and Alicia Munoz were also informed of this breast-grabbing incident.

24.     After Ms. Ramirez Rivera complained about Armando Hernandez grabbing her breast, Defendant cut Ms. Ramirez Rivera's hours so that she was scheduled to work as a Hostess/Cashier only one day a week.

25.     When Ms. Ramirez Rivera asked why her hours were cut, Manager Hugo Munoz told her she was "causing problems" by complaining about harassment.

26.     Manager Hugo Munoz also informed Ms. Ramirez Rivera that if she wanted more hours she could "go clean his house."

27.     For the next few months, in order to maintain her income, Ms. Ramirez Rivera worked approximately one day a week as a Hostess/Cashier and two days a week cleaning either Hugo Munoz's and Humberto and Alicia Munoz's homes or the restaurant.

28.     On at least one occasion when she was cleaning Humberto and Alicia Munoz's home, Alicia Munoz instructed Ms. Ramirez Rivera to clean the "room for the dogs."

29.     On or about mid to late June 2015, due to the continuing and escalating harassment, her reduced hours, and undesirable reassignment, Ms. Ramirez Rivera resigned from her employment with Defendant.

*Ms. Sanchez Garcia's Employment*

30.     Ms. Sanchez Garcia, a female, worked as a Server for Defendant from approximately 2012 until in or around 2014, and from approximately June 2014 until at least November 2014.

31.     During her first period of employment with Defendant, Ms. Sanchez Garcia was supervised by Manager Hugo Macias, who had authority to hire and fire employees and take other material employment actions on behalf of the restaurant.

32.     Beginning on or about 2012 and continuing through at least the end of 2014, Defendant subjected Ms. Sanchez Garcia to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

> (a) From at least 2012 through 2014, Manager Hugo Macias repeatedly made sexual comments to Ms. Sanchez Garcia, including that she was "hot" and "had a big ass."
>
> (b) On a regular basis from at least 2012 through 2014, Manager Hugo Macias would approach Ms. Sanchez Garcia from behind and press his penis against her buttocks when she was getting chips or drinks from the bar. On more than one occasion, he thrust his groin area against her in order to simulate sexual intercourse while stating, "This is the perfect position." Ms. Sanchez Garcia repeatedly asked Manager Hugo Macias to stop, but he did not listen.
>
> (c) From at least 2012 through 2014, Manager Hugo Macias routinely cursed at the female servers and was very abusive toward them.
>
> (d) In or around 2014, Manager Hugo Macias took a photo of his penis on his cellphone and showed it to Ms. Sanchez Garcia, repeatedly asking, "Is it big enough?"

7

(e) Manager Hugo Macias told Ms. Sanchez Garcia he would not give her weekends off unless she gave him "naked photos" of herself. Ms. Sanchez Garcia refused.

(f) At least once or twice, in an effort to prevent her from reporting his harassment, Manager Hugo Macias expressly threatened Ms. Sanchez Garcia that she would be "deported" if she complained to law enforcement.

(g) In or around 2014, Manager Hugo Macias complained to Ms. Sanchez Garcia that he "hadn't had sex in a long time"'; he was "very horny"; and his penis was "hard." He grabbed Ms. Sanchez Garcia's hand and forced it onto his crotch to feel. When Ms. Sanchez Garcia refused to submit to his sexual advances, Manager Hugo Macias fired her.

(h) Shortly after she was fired, Ms. Sanchez Garcia cried to Owner Humberto Munoz and told him Manager Hugo Macias fired her for refusing to touch his penis.

(i) Owner Humberto Munoz failed or refused to reinstate Ms. Sanchez Garcia and instead ratified her discriminatory discharge.

(j) At no point did Defendant take prompt and effective corrective actions reasonably calculated to prevent or correct the harassment. For instance, Defendant did not have a sexual harassment policy or complaint procedures, did not post the EEOC notices required under Title VII, did not conduct a prompt and thorough investigation of Ms. Sanchez Garcia's and other employees' complaints, did not discipline Manager Hugo Macias, did not provide anti-harassment training, and did not monitor the work environment.

(k) Ms. Sanchez Garcia diligently attempted to pursue her rights after her discharge.

(l) Because Defendant failed to post the EEOC notices of rights and charge filing procedures required under Title VII or otherwise inform her of her rights under federal law, and had engaged in other affirmative and intentional misconduct to prevent her from reporting the harassment, Ms. Sanchez Garcia never knew how to file a charge of discrimination.

(m) Ms. Sanchez Garcia continued to be harassed because of her sex (female) when she returned to Defendant's employment in or around June 2014.

(n) Between at least 2012 and the end of 2014, Ms. Sanchez Garcia's coworkers repeatedly made sexual comments to her and other female employees, including that they were "sexy," "had a good body," "had a big ass," and "look at my dick and how big it is."

(o) Between at least 2012 and the end of 2014, Ms. Sanchez Garcia's male coworkers frequently and openly asked the female Servers and Hostesses about their sex lives and speculated what it was like to have sex with them.

(p) In approximately 2014, an employee named Jose (last name presently unknown) showed Ms. Sanchez Garcia a video of himself and a friend having sex with a woman who appeared to be unconscious.

(q) In or around mid to late 2014, Jose (last name presently unknown) approached Ms. Sanchez Garcia from behind and squeezed her vagina.

(r) Ms. Sanchez Garcia complained to the Assistant Manager in charge about this incident, and Humberto Munoz was also notified.

(s) Despite her complaints, Defendant failed to take prompt and effective corrective actions reasonably calculated to stop or prevent the harassment, and the harassment

9

continued.

(t)  Ms. Sanchez Garcia resigned from her employment in or around November 2014.

## CAUSES OF ACTION

### COUNT I:  Hostile Work Environment Because of Sex

33.     EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

34.     Defendant subjected Ms. Ramirez Rivera and Ms. Sanchez Garcia to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of sex (female).

35.     The discriminatory practices described above were unwelcome; based on sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions of employment for Ms. Ramirez Rivera and Ms. Sanchez Garcia.

36.     Defendant is vicariously liable for the harassing conduct of its supervisory employees, including Managers Hugo Macias and Hugo Munoz.

37.     Defendant knew or should have known about the sexual harassment committed by its non-supervisory employees but failed to take prompt and effective action to prevent or correct the harassment.

38.     The effect of the practice(s) complained of in Paragraph(s) 33 through 37, above, has been to deprive Ms. Ramirez Rivera and Ms. Sanchez Garcia of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

39.     The unlawful employment practices described above were intentional.

10

40.    The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Ms. Ramirez Rivera and Ms. Sanchez Garcia.

### COUNT II:  Adverse Change in Terms or Conditions of Employment and Constructive Discharge Because of Sex

41.    EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

42.    Defendant subjected Ms. Ramirez Rivera to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting her to adverse alterations in the terms or conditions of her employment because of her sex (female), including but not limited to, (a) cutting her hours, (b) reassigning her to different and undesirable work, and (c) constructively discharging her as a result of the un-remedied sexually hostile work environment and discriminatory changes to her terms and conditions of employment.

43.    Ms. Ramirez Rivera resigned from her employment with Defendant because of the sexual harassment and other sex discriminatory unlawful employment practices described above, and a reasonable person would have felt compelled to resign due to those intolerable working conditions.

44.    The effect of the practice(s) complained of in Paragraph(s) 41 through 43, above, has been to deprive Ms. Ramirez Rivera of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female).

45.    The unlawful employment practices complained of above were intentional.

46.    The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Ramirez Rivera.

### COUNT III:  Retaliatory Adverse Change in Terms or Conditions of Employment and Constructive Discharge

47.     EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

48.     Ms. Ramirez Rivera engaged in protected opposition to employment practices made unlawful by Title VII, including, among other ways, by complaining to Defendant's managers and owners about the discrimination and harassment she experienced.

49.     Defendant took adverse actions against Ms. Ramirez Rivera, among other ways, by (a) cutting her hours, (b) reassigning her to different and undesirable work, and (c) constructively discharging her.

50.     Defendant took adverse actions against Ms. Ramirez Rivera because of her protected opposition to employment practices made unlawful by Title VII.

51.     Ms. Ramirez Rivera resigned because of the retaliatory unlawful employment practices described above, and a reasonable person would have felt compelled to resign due to those intolerable working conditions.

52.     Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Ms. Ramirez Rivera to retaliation for engaging in protected opposition to employment practices made unlawful by Title VII.

53.     The effect of the practice(s) complained of in Paragraph(s) 47 through 52, above, has been to deprive Ms. Ramirez Rivera of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

54.     The unlawful employment practices complained of above were intentional.

12

55.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Ramirez Rivera.

**PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in, or failing to take prompt, effective corrective action in response to, sex-based harassing conduct and other employment practices that discriminate on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against any individual who engages in protected activity under Title VII, including but not limited to individuals who report instances of sex-based harassment and discrimination or who fail or refuse to acquiesce to such conduct.

C.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from sex-based harassment, sex discrimination, and retaliation, including but not limited to: (1) the institution of effective anti-harassment, discrimination, and retaliation policies; (2) the institution of effective complaint procedures; (3) the posting of notices required under Title VII; and (4) mandatory training on sex harassment/discrimination and retaliation for all managers and employees.

D.     Order Defendant to submit periodic reports to EEOC identifying all complaints or observations of alleged sex-based harassment, sex discrimination, and/or retaliation for engaging

in protected activity under Title VII that are received by Defendant and any corrective actions taken in response to those complaints or observations.

E.     Order Defendant to make whole Ms. Ramirez Rivera by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

F.     Order Defendant to make whole Ms. Ramirez Rivera and Ms. Sanchez Garcia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 through 55, above, which were incurred as a result of Defendant's conduct, in amounts to be determined at trial.

G.     Order Defendant to make whole Ms. Ramirez Rivera and Ms. Sanchez Garcia by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in Paragraphs 13 through 55, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.     Order Defendant to pay Ms. Ramirez Rivera and Ms. Sanchez Garcia punitive damages for their malicious and reckless conduct described in Paragraphs 13 through 55, above, in amounts to be determined at trial.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

J.     Award EEOC its costs of this action.

14

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office

*Ronald Phillips w/permission CS*

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2737
Fax: (410) 962-4270
Email:  ronald.phillips@eeoc.gov

*Catherine Sellers*

CATHERINE N. SELLERS
SENIOR TRIAL ATTORNEY
WA Bar No. 44563
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

15

WILLIAM J. POWELL
UNITED STATES ATTORNEY

BY:   /s/ Helen Campbell Altmeyer

HELEN C. ALTMEYER
ASSISTANT UNITED STATES ATTORNEY,
CIVIL DIVISION CHIEF
WV Bar No. 117
United States Attorney's Office
U.S. Courthouse & Federal Building
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Telephone: (304) 234-0100
Email: helen.altmeyer@usdoj.gov