IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  3:18-cv-00116-JPB |
| v. | ) ) | |
| LAS TRANCAS OF MARTINSBURG, INC., | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action against Las Tranca's of Martinsburg, Inc. ("Defendant") (hereinafter, collectively referred to as the "Parties") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  In its Complaint, EEOC alleges that Defendant violated Title VII by subjecting Raquel Ramirez Rivera and Virginia Sanchez Garcia to a hostile work environment because of their sex (female); by subjecting Ms. Ramirez Rivera to an adverse alteration in the terms or conditions of her employment and a constructive discharge because of her sex (female); and by retaliating against Ms. Ramirez Rivera for opposing Defendant's unlawful employment practices.

As a result of settlement discussions, the Parties desire to resolve this action without the time and expenditure of contested litigation.  Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").  This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's Complaint filed in this case.

## STIPULATIONS

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Northern District of West Virginia over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that by entering into this Decree, Defendant does not admit liability for any of the Title VII claims pleaded in EEOC's Complaint.

D.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter of and the Parties to this action.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.      As used in this Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential discrimination or harassment committed by any employee, officer, director, or owner of Defendant.

B.      The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree.  If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.      The term "employee" shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer."  The term "employee" shall specifically include all full-time and part-time employees of Defendant.

D.      The term "effective date" shall refer to the date that the Court approves and enters this Decree as a final order of the Court.

## INJUNCTION

1.      Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any employment practice that discriminates against any employee because of sex, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; and/or (b) taking any adverse action, or subjecting any employee to an adverse alteration in the terms or conditions of employment, because of sex.

2.      Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from

3

engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## MONETARY RELIEF

3.      Within thirty (30) days from its receipt of an executed Release of Claims form (attached hereto as Exhibit A) from Ms. Ramirez Rivera, Defendant shall pay Ms. Ramirez Rivera a total monetary award of $46,598.00, of which $16,598.00 shall constitute back pay and $30,000.00 shall constitute compensatory damages and punitive damages.  Defendant shall pay this total monetary award to Ms. Ramirez Rivera via two certified bank checks, according to the following requirements:

> (a) From the check representing the back pay portion of the total monetary award, Defendant shall, to the extent required by law, withhold all applicable federal, state, and local payroll taxes and other statutory deductions that it is required to make from wage payments to employees.  Defendant shall be responsible for separately paying the employer's portion of Social Security and Medicare and any other applicable federal, state, and local payroll taxes due on the back pay award, and the employer's portion of such taxes shall not be deducted from the back pay award paid to Ms. Ramirez Rivera.  Defendant shall pay all such monies withheld to the appropriate governmental agencies.

> (b) The check representing the compensatory and punitive damages portion of the total monetary award shall be paid to Ms. Ramirez Rivera in full, without any payroll

4

withholdings or deductions.

(c) Defendant shall ensure that the checks set forth in this Paragraph are each made payable to "Raquel Ramirez Rivera." Defendant shall mail both checks to Ms. Ramirez Rivera via certified mail, return receipt requested, at an address provided by EEOC.

4.      At the end of the calendar year in which the payments set forth in Paragraph 3 are made to Ms. Ramirez Rivera, Defendant shall report the back pay portion of Ms. Ramirez Rivera's total monetary award to the Internal Revenue Service ("IRS") using a Form W-2 and shall issue to Ms. Ramirez Rivera an IRS Form W-2 based on that amount. Defendant shall report the compensatory and punitive damages portion of the total monetary award to the IRS using a Form 1099-MISC and shall issue an IRS Form 1099-MISC to Ms. Ramirez Rivera for that amount. Defendant does not make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Ramirez Rivera may or may not incur on such payments under local, state, and/or federal law. However, Defendant acknowledges its obligation to pay its own share of any applicable federal, state, and local payroll taxes due on the payments.

5.      Within thirty (30) days from its receipt of an executed Release of Claims form (attached hereto as Exhibit A) from Ms. Sanchez Garcia, Defendant shall pay a total monetary award of $20,000.00 to Ms. Sanchez Garcia, which shall constitute compensatory damages and punitive damages. The entire monetary award shall be paid to Ms. Sanchez Garcia in full, without any payroll withholdings or deductions. Defendant shall pay this monetary award to Ms. Sanchez Garcia via a certified bank check made payable to "Virginia Sanchez Garcia." Defendant shall mail the check to Ms. Sanchez Garcia via certified mail, return receipt requested, at an address provided by EEOC.

6.      At the end of the calendar year in which the payment set forth in Paragraph 5 is made to Ms. Sanchez Garcia, Defendant shall report Ms. Sanchez Garcia's total monetary award to the IRS using a Form 1099-MISC and shall issue an IRS Form 1099-MISC to Ms. Sanchez Garcia for that amount.  Defendant does not make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Sanchez Garcia may or may not incur on such payment under local, state, and/or federal law.

7.      Within thirty (30) days from the date that Defendant makes the payments set forth in Paragraphs 3 and 5 to Ms. Ramirez Rivera and Ms. Sanchez Garcia, Defendant shall send copies of the checks issued to Ms. Ramirez Rivera and Ms. Sanchez Garcia and their Certified Mail receipts to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

8.      In the event that any of the payments referenced in Paragraphs 3 and 5 cannot be delivered to Ms. Ramirez Rivera or Ms. Sanchez Garcia at the addresses provided by EEOC, Defendant shall promptly contact Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office to obtain current addresses for such individuals or to otherwise make arrangements for payment.

## EEO OFFICER AND THIRD-PARTY CONSULTANT

9.      Within seven (7) days of the effective date of this Decree, Defendant shall (a) designate Alicia Munoz or another corporate owner, officer, or director to serve as its Equal Employment Opportunity ("EEO") Officer; and (b) hire a qualified thirty-party consultant who is knowledgeable of Title VII and other antidiscrimination statutes and proficient, lawful methods and techniques for conducting employment-related investigations.  The Parties shall agree on the identity of the EEO Officer and third-party consultant, in writing.  The third-party consultant shall participate in the trainings set forth in Paragraphs 19-20, below, and assist Defendant in carrying

6

out its investigation functions required under this Decree, in accordance with the Policies and trainings set forth in Paragraphs 14 and 19-20.   The EEO Officer shall be responsible for implementing the terms of this Decree and for working with the third-party consultant to investigate and respond to all complaints of discrimination and harassment that employees make in accordance with the Policies set forth in Paragraph 14.   The EEO Officer shall exercise due diligence in considering the information obtained and any recommendations made by the third-party consultant regarding any investigation assistance provided by the third-party consultant.   The EEO Officer shall act upon any such information and recommendations to the extent such action is required for Defendant to comply with applicable law, including but not limited to the Title VII prohibition of sex harassment and discrimination.   This provision shall not be construed to modify or abrogate Defendant's legal duty under Title VII.   The individual designated as the EEO Officer shall receive professional training on the equal opportunity requirements of Title VII and other antidiscrimination statutes and proficient, lawful methods and techniques for investigating and responding to employee complaints of discrimination and harassment.   To satisfy this requirement, the EEO Officer shall, at a minimum, attend the trainings set forth in Paragraphs 19-20, below.

## TITLE VII NOTICES

10.   On or before ten (10) days from the effective date of this Decree, Defendant shall post the notices of employee rights required under Title VII, 42 U.S.C. § 2000e-10 and 29 C.F.R. § 1601.30, in an employee breakroom or other conspicuous location accessible to employees on Defendant's premises.   The notices shall be posted in both English and Spanish.   Defendant shall ensure that the notices required under this Paragraph remain posted, and that they are not altered, defaced, or covered by any other material, for the duration of this Decree.

11.     Within ten (10) days of the effective date of this Decree, Defendant shall also post a copy of the Notice to All Employees, attached hereto as Exhibit B (hereinafter, "Notice"), in an employee breakroom or other conspicuous location accessible to employees on Defendant's premises.  The Notice shall be posted in both English and Spanish and shall be signed by each of Defendant's owners.  The Notice shall be posted for two (2) years from the effective date of this Decree.  Defendant shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

12.     Within ten (10) days of the effective date of this Decree, Defendant shall certify, in writing to EEOC, that it has complied with the posting requirements set forth in Paragraphs 10-11.

13.     By signing this Decree, Alicia Munoz and Jose Humberto Munoz further agree that, within thirty (30) days of the effective date of this Decree, they will ensure that the notices described in Paragraph 10 are posted at each of the following entities:  El Ranchero of Hagerstown, Inc. and El Ranchero of Hagerstown II, Inc.

### DEVELOPMENT OF TITLE VII POLICIES AND PROCEDURES

14.     Within thirty (30) days of the effective date of this Decree, Defendant shall create an anti-discrimination policy and complaint procedure for employees to make complaints of discrimination and harassment (collectively referred to as "Policies"), which shall be submitted to EEOC for review before implementation by Defendant.  The Polices set forth in this Paragraph shall be drafted in both English and Spanish.  The Policies shall comply with Title VII and include at least the following minimum content:

(a) **Anti-Discrimination Policy.** This policy shall contain (i) a description of the kinds of conduct that constitutes discrimination, including but not limited to sex discrimination and harassment; (ii) a discussion of the meaning of the phrase

8

"hostile work environment"; (iii) a statement that employees will not be retaliated against for complaining about discrimination or harassment; (iv) a discussion of the kinds of retaliation prohibited under Title VII, with examples; (v) a statement that sexual harassment and other forms of discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will be subject to disciplinary action, up to and including termination; and (vi) a requirement that all managerial and supervisory employees have a duty under the policy to promptly report any and all complaints or observations of alleged discrimination or harassment to the EEO Officer designated in Paragraph 9 or any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

(b) **Complaint Procedure.**   This complaint procedure shall include (i) multiple avenues for employees to make complaints of discrimination and harassment, including reporting to such complaints to any managerial or supervisory employee, owner, or the EEO Officer designated in Paragraph 9.  The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to trigger an investigation, and shall not impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendant shall promptly investigate all complaints or reports of discrimination and harassment; shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation or comply with government inquiries; and shall document, in writing, the results of such investigations; (iii) a statement that Defendant will not

retaliate against any individual who makes a complaint of discrimination or harassment or who provides information or assistance in any investigation of such complaint; (iv) a statement that Defendant will promptly notify the complaining employee of its investigation findings and any disciplinary action taken in response to his or her complaint within seven (7) days from the date that Defendant completes its investigation; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (and provide contact information for such agencies).

15.     Within thirty (30) days of the effective date of this Decree, Defendant shall send copies of the Policies referenced in Paragraph 14 to EEOC for review.  Thereafter, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems warranted.  Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the Policies and any EEOC comments.

16.     Subject to any Motion filed by EEOC pursuant to Paragraph 30, within seventy-five (75) days of the effective date of this Decree, Defendant shall implement the Policies.  To implement the Policies, Defendant shall: (a) integrate the Policies, in English and Spanish, in an employee manual or other policy manual; (b) distribute the Policies, in English and Spanish, to each of its current owners, officers, directors, and employees (both managerial and non-managerial); and (c) obtain a signed acknowledgement that each owner, officer, director, and employee (both managerial and non-managerial) has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

10

17.     Within ten (10) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall send EEOC a copy of the final Policies implemented by Defendant and certify, in writing, that the Policies have been implemented in the manner set forth in Paragraph 16.

18.     By signing this Decree, Alicia Munoz and Jose Humberto Munoz further agree that they will ensure that the Policies described in Paragraph 14, once reviewed by EEOC and any Motions concerning the Policies are resolved pursuant to Paragraph 30, are implemented at each of the following entities: El Ranchero of Hagerstown, Inc. and El Ranchero of Hagerstown II, Inc. Implementation of the Policies at these entities shall be completed no more than ninety (90) days from the date that such Policies are implemented by Defendant.

## TITLE VII TRAINING

19.     Within ninety (90) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall provide no less than one (1) hour of mandatory training on Title VII and Defendant's Policies to the EEO Officer designated in Paragraph 9 and to all of Defendant's owners, officers, directors, and managerial and non-managerial employees.  This training shall be conducted live and shall be video recorded.  Defendant shall exercise reasonable care to obtain live training session attendance of as many employees as feasible and shall require any employees who are unable to attend the live training session to view the video recording of the training session.  Defendant shall pay employees at their usual rate of pay or the state minimum wage (if the employees' usual rate of pay is below the minimum wage because they participate in tip sharing), whichever is greater, for their time attending the live training session or viewing the videorecorded training.  For any employees who are limited English proficient but who speak Spanish, the training shall be presented to them in Spanish.  The training content shall accurately

11

convey Title VII requirements and, at a minimum, include a discussion of the following topics: (a) Title VII's prohibition against discrimination, harassment, and retaliation; (b) the kinds of conduct that constitutes prohibited sex discrimination and harassment, including examples of such conduct; (c) the kinds of retaliation prohibited under Title VII, including examples of such conduct; (d) Defendant's Policies set forth in Paragraph 14; (e) Defendant's procedures for reporting, investigating, and responding to allegations of discrimination and harassment; and (f) the disciplinary consequences for any employees, including managerial and supervisory employees, found in violation of Defendant's Policies.

20.     Within ninety (90) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall provide no less than one (1) hour of mandatory training on Title VII, Defendant's Policies, and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment to (a) the EEO Officer designated in Paragraph 9; and (b) any other Defendant owners, officers, directors, and employees with authority to investigate or respond to employee complaints of discrimination and harassment.  This training shall be conducted live and shall be video recorded.  Defendant shall exercise reasonable care to obtain live training session attendance of as many of the aforementioned individuals required to attend this training as feasible and shall require any of the individuals who are unable to attend the live training session to view the video recording of the training session.  If any individuals required to attend this training are Defendant employees, Defendant shall pay them at their usual rate of pay or the state minimum wage (if the employees' usual rate of pay is below the minimum wage because they participate in tip sharing), whichever is greater, for their time attending the live training session or viewing the videorecorded training. For any individuals required to attend this training who are limited English proficient but who

12

speak Spanish, the training shall be presented to them in Spanish.  The training content shall accurately convey Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment.  At a minimum, the training shall include a discussion of the following topics:

      (a) an overview of the topics covered in the training set forth in Paragraph 19;

      (b) Defendant's requirement that all managerial and supervisory employees have a duty under Defendant's Policies to promptly report any and all complaints or observations of alleged discrimination or harassment to the EEO Officer designated in Paragraph 9 or any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

      (c) an acknowledgment that information regarding past complaints, allegations, or investigations of discrimination or harassment of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

      (d) Defendant personnel conducting investigations into allegations of discrimination and harassment are required to research whether such past complaints or investigations exist by reviewing all records available to them;

      (e) Complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendant communicates (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

13

(f) Defendant's former employees may be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(g) techniques for assessing witness credibility, particularly but not exclusively for situations in which there is conflicting testimony or an absence of corroboration;

(h) the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of discrimination or harassment are substantiated or well-founded;

(i) the need to ensure that, in response to employee complaints of discrimination and harassment, Defendant undertakes corrective action reasonably calculated to end any discriminatory or harassing conduct and to prevent its reoccurrence;

(j) post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any discrimination or harassment of a similar type to that investigated is ongoing or has taken place since the original complaint;

(k) the need to monitor and audit any post-complaint or investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(l) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and

(m) Defendant's record-retention obligations under this Decree relating to any discrimination and harassment complaints or investigations.

21.     Defendant shall select a qualified individual or group of individuals to conduct the trainings described in Paragraphs 19 and 20. At least forty-five (45) days before the date that

14

Defendant intends to conduct the trainings described in Paragraphs 19 and 20, Defendant shall submit to EEOC for review (a) the name(s) and curriculum vitae of the instructors that Defendant has selected for the trainings; (b) copies of the proposed training curricula; and (c) a list of all persons (by name and job title) who will be required to attend the trainings.

22.     After Defendant transmits to EEOC the information set forth in Paragraph 21, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the trainings that EEOC deems warranted.  Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

23.     Subject to any Motion filed by EEOC pursuant to Paragraph 30, within one hundred and sixty-five (165) days of the effective date of this Decree, Defendant shall conduct the trainings set forth in Paragraphs 19 and 20.  Defendant shall maintain attendance logs for all persons who attend the trainings and retain such attendance logs for the duration of this Decree.

24.     Within ten (10) days from the date that Defendant conducts the trainings described in Paragraphs 19 and 20, Defendant shall send EEOC a copy of the final training curricula for each training, a list of all persons (by name and job title) who attended each training, and a list of persons to whom Defendant is required by this Decree to present such training but who did not receive it.

25.     For the duration of this Decree, Defendant shall also provide the training described in Paragraph 20 to all new EEO Officers designated after the initial date of training and to any new Defendant owners, officers, directors, and employees who assume responsibility for investigating or responding to employee complaints of discrimination and harassment after the initial training date.  This training shall be held within seven (7) days of the date that such individuals start in their new positions or duties.  Defendant may satisfy this training requirement by playing the

15

videorecorded version of the training set forth in Paragraph 20 to such individuals and having them certify, in writing, that they have completed the full training module.  The certifications set forth in this Paragraph shall be retained for the duration of this Decree.

26.    By signing this Decree, Alicia Munoz and Jose Humberto Munoz further agree that they will ensure that the videorecorded training set forth in Paragraph 20, and conducted in accordance with Paragraphs 21-23, is presented to all owners, officers, directors, and employees with authority to investigate or respond to complaints of discrimination and harassment at each of the following entities:  El Ranchero of Hagerstown, Inc. and El Ranchero of Hagerstown II, Inc. The trainings at these entities shall be completed no more than ninety (90) days from the date that Defendant conducts the training described in Paragraph 20.

### RECORD KEEPING AND REPORTING REQUIREMENTS

27.    For the duration of this Decree, Defendant shall retain all documents related to (a) the Policies set forth in Paragraph 14, including any changes to the Policies or their implementation; (b) the training curricula, attendance logs, and certifications set forth in Paragraphs 21 and 23-25; (c) any complaints of discrimination, harassment, and/or retaliation that Defendant receives from its employees; and (d) any investigations and corrective action that Defendant undertakes in response to such complaints.  Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, videorecordings, text messages, policies, PowerPoints, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings (including any investigation reports, findings, and notes prepared by the third-party consultant referenced in Paragraph 9), disciplinary actions, or any other materials of

16

any character.  Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC.

28.     Beginning three (3) months after the effective date of this Decree, and every three (3) months thereafter for the duration of the Decree, Defendant shall submit quarterly written reports to EEOC regarding all complaints alleging sex discrimination, sexual harassment, and/or retaliation that it receives from employees and Defendant's response to such complaints.

29.     The quarterly reports required under Paragraph 28 shall include the following information for any complaints received or acted upon during the preceding three-month reporting period, including any complaints that were previously reported in a quarterly report but which are still pending or have not received a final action by Defendant: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name and job title of the employee who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel and agents who conducted or participated in the investigation of such complaint; and (f) any investigation findings and/or corrective actions that Defendant undertook in response to such complaint.  All reports shall be transmitted to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

30.     Upon Motion of either Party, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  Prior to filing such Motion, EEOC shall notify Defendant, in writing, of any alleged noncompliance.  Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing.  Upon EEOC's receipt of any written response from Defendant identifying actions taken to correct the alleged non-compliance or denying the alleged non-

compliance, there shall be a fifteen (15) day meet-and-conferral period during which the Parties shall, in good faith, attempt to resolve the Decree compliance dispute at issue.

     (a)  If the Parties cannot in good faith resolve their dispute after the expiration of the fifteen (15) day meet-and-conferral period or if Defendant fails to timely respond in writing to EEOC's written notice of Defendant's alleged non-compliance, EEOC may file a Motion to seek review by the Court;

     (b)  Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

     (c)  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of West Virginia.

     31.    EEOC may review compliance with this Decree. As part of such review, EEOC may, at any time during regular business hours, upon at least five (5) days advance notice to the EEO Officer, inspect Defendant's facility, interview any witnesses concerning compliance with the Decree, require Defendant to produce all documents relevant to its compliance with this Decree, and perform any other investigatory technique or procedure permitted by Title VII and EEOC's regulations. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law.

18

## COURT COSTS AND ATTORNEY FEES

32.     The Parties shall bear their own costs, expenses, and attorney fees in this action, including the costs of compliance and monitoring.

## EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

33.     The effective date of this Decree shall be the date that the Court approves and enters the Decree as a final order of the Court.

34.     The provisions of this Decree shall remain in effect for a period of two (2) years immediately following the Decree's effective date, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 30, above, remain unresolved, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute.

35.     For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## MISCELLANEOUS PROVISIONS

36.     The terms of this Decree shall be binding upon Defendant and all of its present and future owners, officers, directors, managers, agents, representatives, successors, and assigns.

37.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party, not contained in this Decree shall be enforceable.

38.     If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

19

39.     When this Decree requires Defendant to submit reports, certifications, notices, or

other materials to EEOC, they shall be sent via email or certified U.S. mail to:

> Catherine N. Sellers
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email: catherine.sellers@eeoc.gov

40.     In the event that the Parties propose to make any modifications to this Decree by

their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion,

and such modifications shall not be effective unless approved by order of the Court.


AGREED BY:

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 8/3/18

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 8/6/18

FOR LAS TRANCA'S OF MARTINSBURG, INC.

WENDY G. ADKINS
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26507
Phone: (304) 284-4136
Fax: (304) 284-4140
Email: wgadkins@jacksonkelly.com
Attorney for Defendant

Dated: 8-3-18

ALICIA MUNOZ
President, Las Tranca's of Martinsburg, Inc.

Dated: 8-3-18

20

_Catherine Sellers_
CATHERINE N. SELLERS (WA Bar No. 44563)
Senior Trial Attorney
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

Dated: 8/3/18

_Alicia Munoz_
ALICIA MUNOZ
In her personal capacity as to Paragraphs 13, 18,
and 26 only

Dated: 8-3-18

_Jose H Munoz_
JOSE HUMBERTO MUNOZ
In his personal capacity as to Paragraphs 13, 18,
and 26 only

Dated: 8-3-18

IT IS SO ORDERED:

Date: 8-8-2018

_John Bailey_
HONORABLE JOHN P. BAILEY
United States District Judge

21

# EXHIBIT A

## RELEASE OF CLAIMS

For and in consideration of the monetary relief payments that Las Tranca's of Martinsburg, Inc. shall pay to me pursuant to the Consent Decree entered in the matter *U.S. Equal Employment Opportunity Commission v. Las Trancas of Martinsburg, Inc.*, Civil Action No. __3:18-cv-00116-JPB__, I, Raquel Ramirez Rivera, hereby agree to release Las Tranca's of Martinsburg, Inc. and its officers, directors, agents, employees, successors, and assigns (collectively, the "Company") from any claim of sex discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, that are the subject of the above-styled and numbered lawsuit and that I have or may have had against the Company on or before the date of this Release.


_____                    _____
Date                                        Printed Name


                                            _____
                                            Signature

23

## RELEASE OF CLAIMS

For and in consideration of the monetary relief payment that Las Tranca's of Martinsburg, Inc. shall pay to me pursuant to the Consent Decree entered in the matter *U.S. Equal Employment Opportunity Commission v. Las Trancas of Martinsburg, Inc.*, Civil Action No. 3:18-cv-00116-JPB , I, Virginia Sanchez Garcia, hereby agree to release Las Tranca's of Martinsburg, Inc. and its officers, directors, agents, employees, successors, and assigns (collectively, the "Company") from any claim of sex discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, that are the subject of the above-styled and numbered lawsuit and that I have or may have had against the Company on or before the date of this Release.


_____          _____
Date                                              Printed Name


                                                  _____
                                                  Signature


24

**EXHIBIT B**



### AVISO A TODOS LOS EMPLEADOS
### PUBLICADO DE CONFORMIDAD A UNA ORDEN DE LA CORTE FEDERAL

Este Aviso se publicó en virtud de una orden la corte federal en el caso de US EEOC v. Las Trancas de Martinsburg, Inc., Acción Civil No. 3:18-cv-00116-JPB (NDW Va.), resolviendo una demanda presentada por la Comisión de Igualdad de Oportunidades en el Empleo ("EEOC"), una agencia del Gobierno de los Estados Unidos, contra las Trancas de Martinsburg, Inc. ("Las Trancas").

Para resolver la demanda, Las Trancas y la agencia EEOC han entrado en una sentencia acordada que proporciona, entre otras cosas, lo siguiente:

(1) Las Trancas tiene prohibido por una orden judicial federal y por la ley federal discriminar contra empleados debido a sexo, incluyendo pero no limitado a someter a ningún empleado a acoso sexual;

(2) Las Trancas tiene prohibido tomar represalias contra cualquier persona porque él o ella se ha opuesto a cualquiera práctica prohibida por el Título VII, presentado un cargo de discriminacion a Título VII, haber participado en la investigación o el procedimiento conforme al Título VII, o reivindicar cualquiera de sus derechos bajo el Decreto de acuerdo Extrajudicial; y

(3) Las Trancas proporcionará entrenamiento obligatorio a todos los empleados sobre la discriminación sexual, el acoso sexual, las represalias y Las políticas de las Trancas que prohíben tal discriminación.

La EEOC hace cumplir las leyes federales que prohíben la discriminación en el empleo por motivos de raza, color, origen nacional, sexo, religión, discapacidad, edad, embarazo / parto / condiciones médicas relacionadas, información genética, o represalias por oponerse a las prácticas que razonablemente se cree que son discriminatorias o de presentar o de participar en un cargo de discriminación. Si usted cree que ha sido discriminado o que se estan tomando represalias en su contra por oponerse o por reportar cualquier tipo de discriminación, usted tiene derecho, bajo la ley federal, a ponerse en contacto con la EEOC y reportar esa discriminación o esa represalia. La EEOC puede ser contactada al (800) 669-4000, TTY para personas con problemas auditivos (800) 669-6820, o por correo electrónico a info@eeoc.gov. La EEOC es una agencia federal de aplicación de la ley y no cobra por recibir o por investigar las quejas.

Este aviso debe permanecer publicado durante dos años a partir de la fecha de abajo y no debe ser alterado, borrado o cubierto por cualquier otro material.

8 · 3 - 18
_____
Fecha

_atina Ruiz_
_____
Por: Las Trancas de Martinsburg, Inc.

27



## NOTICE TO ALL EMPLOYEES
## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *U.S. EEOC v. Las Trancas of Martinsburg, Inc.*, Civil Action No. 3:18-cv-00116-JPB (N.D.W. Va.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Las Trancas of Martinsburg, Inc. ("Las Trancas").

To resolve the lawsuit, Las Trancas and the EEOC have entered into a Consent Decree which provides, among other things, that:

(1) Las Trancas is prohibited by federal court order and federal law from discriminating against employees because of sex, including but not limited to subjecting any employees to sexual harassment;

(2) Las Trancas is enjoined from retaliating against any person because he or she has opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any investigation or proceeding under Title VII, or asserted any rights under the Consent Decree; and

(3) Las Trancas will provide mandatory training to all employees on sex discrimination, sexual harassment, and retaliation and Las Trancas' policies prohibiting such discrimination.

The EEOC enforces federal laws that prohibit discrimination in employment on the basis of race, color, national origin, sex, religion, disability, age, pregnancy/childbirth/related medical conditions, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and to report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other material.**

8 3-18
_____
Date

*alicia Klein*
_____
For: Las Trancas of Martinsburg, Inc.

26